# IN THE UNITED STATES DISTIRCT COURT
# FOR THE SOUTHERN DISTRICT OF MARYLAND

FILED ___ ENTERED
LODGED ___ RECEIVED

FEB 1 0 2009

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

**CARMEN RAMOS**  )
4139 Peppertree Lane )
Silver Spring, MD 20906 )
Plaintiff, )
 )
 )
vs. )
 )  Civil No. RWT 09 CV 0306
 )
**PEANUT CORPORATION OF AMERICA** )
2121 Wiggington Road )
Lynchburg, VA 24502-4667 )
Defendant, )
 )
_____ )

## COMPLAINT

NOW COMES, the Plaintiff, Carmen Ramos, pro se, who hereby submits this complaint against the named the Defendant's for personal injury damages and civil judgment against the Defendant Peanut Corporation of America as follows:

### PARTIES

1. Plaintiff Carmen Ramos ("Ramos") is a citizen and resident domiciled in the State of Maryland and conducts business in Montgomery County Maryland.

2. Defendant Peanut Corporation of America ("PCA") is a Georgia corporation with its principal place of business in Lynchburg, VA.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331, et seq. and 28 U.S.C. 1332, et seq. because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and cost and is between citizens of different states.

1

4. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391, et seq. because defendant ("PCA") resides in the district and because a substantial part of the events or omissions giving rise to the claim occurred in the district.

5. The Court has personal jurisdiction over ("PCA") because it maintains its principal place of business in the district, resides in the district, is found in the district and otherwise maintains minimum contacts with the district such that assertion of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

6. This Court has the jurisdiction and power to grant relief sought by the Plaintiff pursuant to The acts and practices of Defendants alleged in this Complaint have been in or affecting the Plaintiff who engages in various business and consumer commerce, as "commerce" is defined in The United States Federal Food, Drug, and Cosmetic Act (abbreviated as FFDCA, FDCA, or FD&C), is a set of laws passed by Congress in 1938 giving authority to the Food and Drug Administration (FDA) to oversee the safety of food, drugs, and cosmetics, as amended, and the Pure Food and Drug Act of June 30, 1906, as amended, and the FTC Act and the Federal Consumer Protection Act, as amended, respectively. Whereby through this action, the Plaintiff hereby requests redress, recompense and equitable relief, including rescission and reformation of contracts, restitution, and disgorgement, against Peanut Corporation of America ("Defendant"), for engaging in unfair or deceptive acts or practices in violation of The United States Federal Food, Drug, and Cosmetic Act (abbreviated as FFDCA, FDCA, or FD&C; the Pure Food and Drug Act of June 30, 1906 and the FTC Act, as amended, and for engaging in acts or practices in violation of the laws of the State of Virginia and federal laws, regulations and statutes of the U.S. Constitution, along with a plethora of other municipal, state and federal consumer protection and safety laws within the borders of the United States of America and the District of Columbia.

7. The acts and practices of Defendants alleged in this Complaint have been in or affecting the Plaintiff who has suffered irreparable harm and injuries as a proximate result of the Defendant's negligence, gross negligence, breach of care/duty/trust & safety and therefore has created numerous cause of action herein.

## DEFENDANTS' COURSE OF CONDUCT & NATURE OF THE CASE

8. The Defendant ("PCA") is the manufacturer, distributor and processor of peanuts and peanut products now allegedly contaminated with Salmonella Bacteria (the "*Salmonella Claims*").

## Count I

### Bad Faith & Intentional Infliction of Bodily Harm & Injury

9. The Plaintiff from January 1, 2007 to February 1, 2009 has been a patron and consumer of numerous and various brands of peanut and peanut products for which the Defendant has distributed its peanuts and peanut products in the United States to numerous vendors and distributors of peanut laden products, particularly in the State of Maryland, Virginia and the District of Columbia where Plaintiff resides and conducts her business. On or about January 1- 28, 2009, the plaintiff ingested several peanut products consisting of peanut butter/paste, chocolate covered peanuts and honey roasted peanuts bearing the Gold Emblem via his purchase of such from various distributors of such products in Silver Spring, MD which were distributed, processed and manufactured by ("PCA").

10. Plaintiff alleges, avers, asserts and incorporates by referenced paragraphs 1 thru 9 of this complaint, whereby the plaintiff developed symptoms of illness consisting of stomach pains, diarrhea, nausea, vomiting, insomnia, cephalagia, fatigue and PTSD and was found to be infected with salmonella bacteria.

11. Plaintiff seeks redress and recompense from ("PCA") in stated compensatory and punitive damages of $1,000,000.00 (one million dollars) as a proximate result of defendant's malfeasance, nonfeasance and misfeasance which has caused Plaintiff irreparable bodily harm, injury, sickness, lost income from his employment and businesses and regarding his unsafe, unjust and unreasonable exposure to the deadly disease and encountering near death, therefore, being infected with the *("Salmonella Bacteria")* in violation of state and federal laws as mentioned herein.

12. Defendant was informed by the Department of Health and Human Service/Food and Drug Administration ("DHHS/FDA") on numerous occasions regarding its failure to manufacture foods, perform mechanical safety procedures, failure to preclude the adulteration of food contamination, failure to use proper safety

precautions to protect food from contamination with microorganisms, failure to maintain adequate sanitation of mechanical devices and fixtures used to process peanut products, failure to conduct cleaning and sanitizing operations for utensils and equipment in a manner that protects against the contamination of food to minimize the potential for growth of microorganisms and contamination. (*See attached Exhibit A, DHHS/FDA Inspection Report dated 1/9/09-1/27/09*).

13. As a result of Defendant's malfeasance the discovery of salmonella bacteria in peanuts and peanut products manufactured and distributed to various vendors and distributors of Defendant's products resulted in a voluntary recall nationwide of its peanut butter products and peanut products that were produced on or after July 1, 2008.

14. Defendant has since expanded its voluntary recall and most recently, on January 28, 2009, announced publicly a recall of "all" peanuts and peanut products processed at its Blakely, GA, plant since January 1, 2007.

## Count II

### Breach of Care, Duty & Public Trust

15. Plaintiff alleges, avers, asserts and incorporates by referenced paragraphs 1 thru 14 of this complaint, whereby Defendant has breach its care, duty and public trust by failing to disclose, or has failed to disclose adequately, that it was in violation of DHHS/FDA standards pursuant to the firm's own internal microbiological testing. (*See attached Exhibit A, DHHS/FDA Inspection Report dated 1/9/09-1/27/09*).

## Count III

### Failure to Warn

16. Plaintiff alleges, avers, asserts and incorporates by referenced paragraphs 1 thru 9 of this complaint, whereby Defendant has failed to warn and further disclose, or has failed to disclose adequately, that it was in violation of DHHS/FDA standards pursuant to the firm's own internal microbiological testing. (*See attached Exhibit A, DHHS/FDA Inspection Report dated 1/9/09-1/27/09*).

17. In light of the representations set forth in the foregoing Paragraphs, ("PCA") failure to disclose, or failure to disclose adequately, the material information set forth in foregoing Paragraphs, is a deceptive act or practice in violation of The United States Federal Food, Drug, and Cosmetic Act (abbreviated as FFDCA, FDCA, or FD&C;

the Pure Food and Drug Act of June 30, 1906 and the FTC Act, as amended, and DHHS/FDA Standards and Regulations, as amended and Section 5(a) of the FTC Act, 15 U.S.C. § 45et seq. and all state and federal consumer protection laws of the United States.

## Count IV
### Failure To Store Food Safely

18. Plaintiff alleges, avers, asserts and incorporates by referenced paragraphs 1 thru 17 of this complaint, whereby Defendant has failed to store its manufactured peanut products safely in compliance to DHHS/FDA Standards and now being cited in violation of such FDA standards pursuant to the firm's own internal microbiological testing.. On numerous occasions, in connection with the manufacturing, distribution and processing of peanut products, ("PCA") has used false, deceptive, or misleading representations or means, in violation municipal, state and federal laws of the United States, including, but not limited to, representing expressly or by implication, among other things, that upon acceptance of a consumer's patronage and consumption of it's contaminated products. (*See attached Exhibit A, DHHS/FDA Inspection Report dated 1/9/09-1/27/09*).

## Count V
### Negligence & Abusive Manufacturing Practices

19. Plaintiff alleges, avers, asserts and incorporates by referenced paragraphs 1 thru 18 of this complaint, whereby Defendant has negligently failed to disclose, or has failed to disclose adequately, that it was in violation of DHHS/FDA standards pursuant to the firm's own internal microbiological testing. In connection with the malfeasance, Defendant has engaged in conduct the natural consequence of which is to infect, oppress, or abuse a person, in violation of municipal, state and federal laws of the United States. (*See attached Exhibit A, DHHS/FDA Inspection Report dated 1/9/09-1/27/09*).

## Count VI
### Psychological Trauma, Mental Anguish, Emotional Distress, Loss of Consortium & Post Traumatic Stress Disorder ("PTSD")

20. Plaintiff alleges, avers, asserts and incorporates by referenced paragraphs 1 thru 19 of this complaint, whereby the Plaintiff has suffered, and will continue to suffer,

substantial injury as a result of Defendants' violations of municipal, state and federal laws of the United States as set forth above. (*See attached Exhibit A, DHHS/FDA Inspection Report dated 1/9/09-1/27/09*).

## PLAINTIFF INJURY

21. The Plaintiff has suffered, and will continue to suffer, substantial injury as a result of Defendants' violations of municipal, state and federal laws of the United States as set forth above.

## PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff requests that the Court, pursuant to the Plaintiff's claims herein:

(a) Award the Plaintiff $1,000,000.00 (one million dollars) as for punitive and compensatory damages respectively and any other such relief as the Court finds necessary to prevent unjust enrichment and to redress injury to the Plaintiff resulting from Defendants' violations of the state and federal laws of the United States, including but not limited to, rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies; and

(b) Award Plaintiff the costs of his ongoing pain and suffering and present need for medical care, future psychological counseling, future physical therapies, and the cost associated with his bringing this action, as well as, such other and additional relief as the Court may determine to be just and proper.

## JURY DEMAND

23. Plaintiff respectfully demands trial by twelve jurors for all claims, issues herein so triable.

Dated: February 9, 2009

Respectfully submitted,

*Carmen Ramos*

Carmen Ramos, Plaintiff, Pro se
4139 Peppertree Lane
Silver Spring, MD 20906
(Ph): 240-601-9691
Email: carmengigili@aol.com