IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARMEN RAMOS : | CIVIL ACTION NO. RWT-09-306 |
| : | |
| v. : | |
| : | |
| PEANUT CORPORATION OF AMERICA : | |
| Defendant | |

**O R D E R**

Before the Court is a Complaint for damages filed pro se by Carmen Ramos, a Maryland resident, against the Peanut Corporation of America, a Georgia Corporation with its principal place of business in Lynchburg, Virginia. Plaintiff has filed a Motion to Proceed in Forma Pauperis in which she attests that she has no income, expenses, debts, cash, bank accounts, and owns no items of value, including real estate.

It has come to the attention of the Court that Carmen Ramos is shown on the records of the Maryland Department of Assessments and Taxation as the owner of the condominium at the address listed in her Complaint. The condominium, located at 4139 Peppertree Lane, #4135, Silver Spring, Maryland, is valued at $315,000.00 in state records and belies Plaintiff's professed indigency. Indeed, Plaintiff's apparent ownership of this valuable real estate and failure to declare it on her IFP affidavit suggest serious material misrepresentation of her financial status to this Court.

Courts have a strong interest in preventing fraudulent and abusive filings. Pursuant to 28 U.S.C. § 1915(e)(2)(A), a court is statutorily required to dismiss a case where a plaintiff's allegation of poverty is untrue. "Notwithstanding any filing fee or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The purpose of this provision is to

"weed out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth." Lee v. McDonald's Corporation, 231 F.3d 456, 459 (8th Cir.2000) (citations omitted).

The Court will grant Plaintiff ten days to file a show cause response addressing why this case should not be dismissed with prejudice for filing a false application. See e.g. Thomas v. General Motors Acceptance Corporation, 288 F.3d 305, 306 (7th Cir. 2002); Attwood v. Singletary, 105 F.3d 610, 612-13 (11th Cir. 1997) (per curiam); Romesburg v. Trickey, 908 F.2d 258, 260 (8th Cir. 1990) (affirming district court's dismissal of in forma pauperis complaint based on failure to disclose real property worth $5000). Plaintiff is cautioned that failure to file a timely response will result in denial of the Motion to Proceed in Forma Pauperis and dismissal of this case with prejudice.

Accordingly, it is this 11th day of February 2009, by the United States District Court for the District of Maryland, that:

1. Plaintiff IS GRANTED ten days to show cause why the Motion to Proceed in Forma Pauperis should not be denied and the case dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A); and

2. The Clerk SHALL MAIL a copy of this Order to Plaintiff.

                                                 /s/
                                      Roger W. Titus
                                      United States District Judge